# SUPREME COURT.

Francis C. White agt. William W. Story, administrator, &c., of Maria J. Boerum, deceased.

Both *legal* and *equitable* claims against the estate of a deceased person may be *referred* under the statute.

Where the plaintiff, a confectioner, in 1859, at the request of a *married woman*, whom he knew to have a separate estate, furnished her with articles for a wedding supper on the occasion of the marriage of her daughter, and subsequently she repeatedly promised to pay the debt out of her separate estate: *Held*, that her estate was not liable for the debt.

Because, 1st. There was no evidence of an *intent* to charge her separate estate *stated in the contract*.

2d. The *consideration* for the debt did not go to the *direct benefit* of her separate estate. (Sutherland, J., *dissenting*.)

*New York General Term, December,* 1864.

*Before* Leonard, Barnard *and* Sutherland, *Justices.*

Appeal by defendant from a judgment entered on report of referee in favor of the plaintiff.

Robinson & Scribner, *for appellant.*

This case originated under an order of reference entered upon an agreement dated November 4th, 1862 (approved by the surrogate), to refer a matter in controversy arising out of a claim presented to the defendant as administrator of Mrs. Boerum, under the provisions of 2 R. S., 88, section 36.

There were no pleadings, and the claim was for the " amount of a bill as per contract, for wedding party, four hundred and eighty-nine dollars and thirty-seven cents," and interest. The cause was tried before Philo T. Ruggles, Esq., the referee named in the agreement, in the fall of 1863, and early part of 1864, whose report is dated February 18th, 1864, whereby he found in favor of the plaintiff, that in the fall of 1859 the plaintiff, at the request of Mrs. Boerum, furnished, sold and delivered her goods, wares,

&c., of the value of four hundred and eighty-nine dollars and thirty-seven cents, for an entertainment given by her on the occasion of the marriage of her daughter; that they were furnished on her personal order, and she repeatedly promised to pay for them out of her separate estate; that she had such separate estate, and plaintiff knew it; that her husband, Jacob B. Boerum, was insolvent at the time, and plaintiff knew it; that the articles were charged by plaintiff to her, and that they were in accordance with her sphere in life. He finds as matter of law, that the plaintiff is entitled to recover against the defendant as administrator, the amount claimed with interest. Upon the report judgment was entered March 11, 1864, for six hundred and sixty-nine dollars and sixty-five cents, from which defendant has appealed to the general term of this court, upon his exceptions to this report filed and served, and also upon his exceptions taken upon the trial and presented in the case; first, to admissions of testimony, and second, to the refusal of the referee to non-suit the plaintiff.

I. The referee erred in allowing the plaintiff to answer the question, " In the furnishing of this supper what acts did Mrs. Boerum do ?" He was allowed to give evidence against the administrator, in respect to a transaction had personally between the deceased and the witness. The question propounded has reference to matters as to which he is asked to speak as a witness of them, and to what took place in a transaction between the deceased and the plaintiff (the principal), in reference to her procuring the goods to be furnished by him. It is difficult to imagine how the testimony offered can be otherwise than of a personal transaction between parties assumed to be present, and negotiating together upon the subject of the action.

II. When the testimony on the part of the plaintiff had been concluded, the motion made to dismiss the case or grant a non-suit, ought to have been granted.

1. Mrs. Boerum being (in the fall of 1859, when these goods were contracted for) a married woman residing with her husband, had no power to contract a *debt* which would charge her personally. (*Coon* agt. *Brook*, 21 *Barb.* 546; *Bass* agt. *Bean*, 16 *How.* 93 ; *Arnold* agt. *Ringold, Id.* 158 ; *Andriot* agt. *Lawrence*, 33 *Barb.* 142.)

2. The orders of the wife in the departments of her husband's household, which she has under her control, are to be implied in law and presumed in fact as within her agency, on her husband's behalf, and bind him. In this case the goods were delivered to the husband, and he was present at the entertainment. (*Switzer* agt. *Valentine*, 4 *Duer*, 96; *S. C.* 10 *How. P. R.* 109 ; *Freestone* agt. *Butcher*, 9 *Carr. & Payne*, 643; *Lane* agt. *Ironmonger*, 13 *Meeson & Wels.* 368.) The husband is equally liable, although the goods are charged on the tradesman's books to the wife (*Furlong* agt. *Hyson*, 35 *Maine*, 332).

3. The debt was not contracted for the benefit of Mrs. Boerum's separate estate, nor did she create any charge upon it for the payment of the debt. (*Yale* agt. *Dederer*, 22 *N. Y.* 450 ; *Owen* agt. *Cawley*, 36 *Barb.* 52 : *Ledlie* agt. *Vroman*, 41 *Barb.* 109.)

4. A suit against the estate of Mrs. Boerum could only be maintained as an action *in rem*, brought to charge some specific property, and not *in personam*. (*Dickerman* agt. *Abrahams*, 21 *Barb.* 551 ; *Sexton* agt. *Fleet*, 15 *How. P. R.* 106 ; *see authorities cited in Howard's Code, 3d ed. pp.* 146 *and* 224.)

5. No such remedy could be afforded on a demand at law, referred out of the surrogate's court. Claims of an equitable character are not within the cognizance of that court, nor can claims out of that court be recovered on such a reference, when it is made to appear that they are purely equitable.

III. If the court conclude there is error in the judgment, for any of the reasons stated in the last point, the judg-

ment should be reversed, and judgment ordered for the defendant with costs; but if not, then the judgment should be reversed, and a new trial ordered, with costs to abide the event, for the error suggested in the first point.

JOHN B. STEVENS and A. R. DYETT, *for respondent.*

The evidence in this case, and the referee's findings, show the following facts, which are undisputed : That the claimant, who is a baker and confectioner, furnished to Mrs. Maria J. Boerum, goods, consisting mostly of the necessaries of life, to the amount claimed, upon her personal order; that at the time the goods were furnished, the claimant knew she was a married woman, that she had a separate estate, and that her husband was insolvent, and expressly disavowed any liability as to said bill; that the bill was charged to Mrs. Boerum in claimant's books, and that she repeatedly acknowledged the debt as her individual debt, and at many times promised to pay the bill out of her separate estate ; that the consideration of the contract, viz: mostly necessaries of life, went to her and her children's benefit in the partaking of the same, and in the entertainment of her friends ; that the goods furnished, as to quantity, quality and amount, were in accordance with her sphere in life. The testimony furnishes abundance of affirmative acts of Mrs. Boerum, to evince her intent to charge her separate estate with the debt. The claimant's understanding of the contract, and his intent to so charge her estate, cannot be disputed.

I. The goods furnished being in accordance with her sphere in life, and consisting mostly of the necessaries of life, such as bread, meats, &c., and going directly to her and her children's benefit, should be a charge upon her separate estate, even if there was no avowed intent so to charge her separate estate. If the rent of a house occupied by her and her family would be a charge upon her separate estate (*Taylor* agt. *Glenny*, 22 *How. Pr*, 240), then

these necessaries of life furnished to her on her own order, to her and her family, are a charge upon her separate estate. The charge grows out of the beneficial nature of the contract to her individually.

Judge LEONARD, in *Taylor* agt. *Glenny* (22 *How.* 240), holds : " That where a married woman had a lease of premises, the rent to be paid was beneficial to herself, and although she might not be held liable on the covenants of the lease, yet she and her family occupied the premises, and that her separate estate was liable ;" not on the ground that she charged her separate estate by agreement, but " that it grows out of the beneficial nature of the contract to her individually," and says : " the consideration of the contract was for her own direct benefit," and quotes *Yale* agt. *Dederer* (22 *N. Y.*), as authority for such construction. If this is true as to rent due, do not bread, butter, meats, &c., furnished Mrs. Boerum for her and her family, charged to her at the time, promised repeatedly to be paid by her out of her separate estate, admitted to have been incurred by her, go to her own direct benefit ?

II. It has always been held, that where a debt has been contracted by a *feme covert*, that this will be *prima facie* evidence of an appointment or appropriation of her separate estate to the payment of the debt (*Vanderheyden* agt. *Mallary*, 1 *Comst.* 458).

(*a*) All the early and recent cases both in this country and England, establish the doctrine that where a *feme covert* holds separate property and obtains credit, that the property is held liable without any special appointment. (1 *Comst.* 458, *C. A.* ; 7 *Paige,* 7 ; 7 *Id.* 112 ; 22 *Wend.* 526, *and other cases referred to in* 1 *Comst.*)

Ch. J. JEWETT, in delivering the opinion of the court of appeals in above cited case, says : " That as a consequence of the principle established, that a married woman may take and enjoy property to her separate use, the right of disposition and appointment is an incident belonging to

such interest and power.   She may pledge or incumber her estate when she shows an intention to do so."

III. The separate estate of a married woman would be held liable for her debt, where in the contracting of the debt there was an intention to charge her estate, or where the consideration of the contract goes to her individual benefit.

(a) The intent to charge the separate estate may be expressed in the contract, or inferred from the direct benefit to the estate (22 *How.* 12).   And in same case the court also held " that services rendered the wife for the benefit of her estate, though profitless, would be a charge upon her estate."

(b) In *Yale* agt. *Dederer* (22 *N. Y.* 450), the estate of the married woman was exempted, because in the contract there was no expressed intention to charge the separate estate, neither did the consideration go to her individual benefit, or to the benefit of her estate.   In a similar case to *Yale* agt. *Dederer*, upon a wife's note (*Francis* agt. *Ross*, 17 *How. Pr.* 561), the note was recovered out of her separate estate, because it was given with the intent to charge it.

(c) Judge HILTON, in *Francis & Becke* agt. *Ross* (17 *How.* 554), holds : " That the rule in equity still exists which recognizes a married woman's debt and charges it upon her separate estate, not upon the ground that the contracting of it is of itself an appointment or charge, but because when it is contracted on the credit of the separate estate, or for its benefit, or for the benefit of the woman, it is just that the estate should answer it."   And his construction of *Yale* agt. *Dederer*, is the same as Judge LEONARD's, viz. : That there was no evidence of intent to charge the separate estate, or that she received any benefit.   And he found against the defendant on the ground that there was some benefit received by Mrs. Ross.   The same rule of law and construction of *Yale* agt. *Dederer*, was held at general term, first district, in *Ledeliey* agt. *Powers* (39 *Barb.* 555).

(*d*) In this case the intestate promised to pay the debt out of her separate estate, and the referee has found as a fact that she so promised. " There can be no more conclusive evidence of an intent to charge " that estate.

IV. The referee's findings of fact are such as to bring this case wholly within the cases cited, and as the " appellate court cannot interfere with referees' findings of fact, unless clearly against the weight of evidence, or in direct violation of some rule of law," (*Roberts* agt. *Cohen*, 28 *Barb*. 465 ; *Davis* agt. *Allen*, 3 *Comst*. 168 ; *Murphy* agt. *Bruce*, 23 *Barb*. 565 ;) the plaintiff is clearly entitled to judgment.

V. There is nothing in any of the defendant's exceptions at folios 31, 32 and 33. The answers to the questions form the true test whether improper evidence was admitted under exception. Judged by this test no error was committed.

VI. As to the third and fourth objections by the defendant to plaintiff's recovery, we have only to say that if it were true that during the life of Mrs. Boerum, an action like a bill in equity might have been necessary (which we by no means concede, since the passage of the act of March 20, 1860, and April, 1862. Laws of 1860, chapter 90, section 7, and laws of 1862, chapter 172, section 7), after her death no such necessity exists. In every case all the debts of an intestate are liens upon his or her goods, chattels and credits, and the surrogate in all cases enforces these liens by the application of the property to the payment of the debts, and this without distinction between legal and equitable demands.

BARNARD, J. This appeal presents two questions: First. Is the claim made against the administrator one which could be referred under title 3, part 2, chapter 6, section 34, of the Revised Statutes. The statute is very comprehensive, it authorizes the reference to be made of any dis-

puted claim against the estate of any deceased person. It does not exclude equitable claims—it does not limit the reference to legal claims. The supreme court, at general term in the second district, have decided in an important case (*Ackerman* agt. *Congdon, executor, &c., of Ackerman, deceased*) that the power to refer under the statute, covers both legal and equitable claims against a deceased person.

Second. Is the evidence sufficient to sustain the judgment ? It is needless to go into a full examination of the American and English cases, on the subject of charging the separate estates of married women. They are very conflicting as to the principles stated, and in the reasoning by which they are supported. The court of appeals have in a late case established that in order to charge the separate estate of a married woman, there must have been an intention to charge the separate estate stated in the contract itself, or the consideration must be one going to the direct benefit of the estate (*Yale* agt. *Dederer*, 22 *N. Y. R.* 450.)

The case shows no evidence that the deceased contracted this debt with the intention to charge her separate estate, stated in the contract. The vital fact necessary to charge her separate estate is wanting. Her subsequent promise to pay the debt out of her separate estate, does not supply the defect of proof in the original contract. From the evidence given she was never liable at all. She must have done enough to charge her separate estate at the time of the contraction of the debt and in the contract, or there is no action against her unless the consideration went to the benefit of the estate directly. Does it ? Did the furnishing of this supper tend in that direction ? It is claimed that because it went directly to her and her children's benefit, it should be charged on her estate. The rule requires a direct benefit to the estate itself.

I think that the evidence is insufficient to charge the defendant's estate, and the judgment should be reversed and a new trial granted, with costs to abide event.

Concur, W. H. L.

SUTHERLAND, J. I cannot concur. In my opinion the evidence and the facts found by the referee would have abundantly sustained an action in the life time of Mrs. Boerum, to charge her separate estate with the payment of the debt, and considering the judgment in this case to be payable or collectable only out of such portion of the separate estate of Mrs. Boerum as may be in the hands of the defendant or her administrator, I think the judgment is right and should be affirmed. The rule or principle as to the liability of the separate estates of married women, stated in the within opinion, is in my opinion much too limited.